UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CROWN EQUIPMENT CORPORATION,

    Plaintiff,

v.                                                                      CASE NO.: 8:05-MC-38-T-27MAP

TOYOTA MATERIAL HANDLING, U.S.A.,
Inc.,

    Defendant.
_____/

**ORDER**

Non-party Florida Lift Systems, Inc. seeks entry of an order quashing the third-party subpoena *duces tecum* served by Plaintiff Crown Equipment Corporation on July 18, 2005. Specifically, Florida Lift contends the subpoena requests production of certain documents called "quote logs" that are trade secrets and constitute confidential commercial information. Apparently, in the underlying tortious interference action filed in the Northern District of Ohio, Crown alleges Defendant Toyota Material Handling U.S.A., Inc. induced Florida Lift to breach the Dealer Agreement between Crown and Florida Lift in part by inducing Florida Lift to convert Crown customers to Toyota's products (doc. 28). Crown opposes the motion (doc. 29). After consideration, I find the motion should be GRANTED for the reasons set forth below.

The discovery deadline set by the United States District Court for the Northern District of Ohio is July 22, 2005. Crown served the subpoena *duces tecum* on Florida Lift only four days prior to the close of discovery.[1] The burden of production is significant, Florida Lift's corporate

---

[1] In its opposition memorandum of law, Crown details written correspondence and emails between counsel concerning production of the quote logs. The Middle District Discovery

(continued...)

representative Jeffrey Fischer has been out of town since the service of the subpoena, and the requested production would require hundreds of pages of documents and redaction of quotes relating the equipment other than Crown and Toyota.  Thus, quashing the subpoena *duces tecum* is appropriate because it does not provide a reasonable time for compliance.  *See Fed.R.Civ.P.* 45(c)(3)(A)(i).

Furthermore, in balancing the need for the quote logs against Florida Lift's right to protect its confidential business information, I find Florida Lift's motion to quash well-taken.[2]  I find that Crown cannot establish a substantial need for the quote logs or that the information cannot be otherwise obtained without undue hardship.  Florida Lift has already produced final sales documents and Crown has contemporaneous quote requests indicating when a Crown sale was lost resulting from a lower quote and lost sales reports for the requested time period.  Accordingly, it is

ORDERED:

---

(...continued)
handbook indicates that informal requests may not support a motion to compel. *Middle District Discovery* (2001) at 12.

[2]  Though there is no absolute privilege or protection with respect to trade secrets and confidential information, Fed.R.Civ.P. 26(c) allows the court to enter an order restricting disclosure of same.  *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 356 (1979) (Rule 26(c)(2) provides for a qualified evidentiary privilege for trade secrets and other confidential commercial information).  The Eleventh Circuit has adopted a balancing of interests approach to Rule 26(c), requiring the district court to balance opposing interests in obtaining the information and in keeping the information confidential.  *Farnsworth v. Procter & Gamble Company*, 758 F.2d 1545, 1546 (11th Cir. 1985).

1.      Florida Lift's motion to quash (doc. 28) is GRANTED.

DONE AND ORDERED at Tampa, Florida on this 22nd day of July, 2005.

*[signed]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE